UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JERRY D. POUGH, | Case No. 3:15-cv-00443-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| D. NEVEN, et al., | |
| Defendants. | |

## I. DISCUSSION

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has filed an application to proceed *in forma pauperis* and nine motions, including motions for preliminary injunction, motion to expedite the proceedings, motions for prospective relief, and petitions for writ of mandamus. (Dkt. nos. 1-2, 3, 1-3, 1-4, 1-5, 5, 7, 8, 9, 10, 11.) Plaintiff has not filed a complaint in this matter.

The Court has reviewed these motions. Plaintiff's allegations and relief sought falls into two categories. First, he brings complaints regarding his underlying criminal conviction and criminal proceedings, including the grand jury indictment, actions of the prosecutor, and complaints regarding his defense counsel and judges. The nature of his allegations involves a challenge to his conviction or his sentence. "[W]hen a state prisoner is challenging the very fact or duration of [the prisoner's] physical imprisonment, and the relief [the prisoner] seeks is a determination that [the prisoner] is entitled to immediate release or a speedier release from that imprisonment,

[the prisoner's] sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the validity of the conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-81 (2005) (explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Plaintiff is attempting to challenge the validity of his conviction by challenging the actions and decisions of the judges, district attorneys, and defense attorney involved with his conviction. Plaintiff may file a habeas corpus petition and an *in forma pauperis* application in a new action, but may not pursue these allegations in this case.

Next, Plaintiff challenges the conditions of his confinement, including allegations of seizure of his property, denial of medical treatment, lack of due process, and denied right to exercise his religion. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Section 1983 is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life. *Preiser*, 411 U.S. at 499. However, pursuant to Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.  Plaintiff has not filed a complaint, but instead filed several motions, including motions for preliminary injunction.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24

(2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 § 3626(a)(2).

In order to proceed, Plaintiff must first file a complaint that complies with the requirements of filing a complaint, set forth below. If he also wishes to seek preliminary injunctive relief, then he may file a separate motion seeking such in accordance with the standard above.

The Court will grant Plaintiff thirty (30) days from the date of this order to submit a complaint to this Court. The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure in order to facilitate the filing of a properly formatted complaint. Plaintiff is advised that the failure to comply with these rules when drafting and filing his complaint may result in this action being dismissed.

First, Plaintiff's complaint must be short and plain. Pursuant to Federal Rule of Civil Procedure 8, Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* Plaintiff's motions for preliminary injunction first filed at the outset of this lawsuit are over 200 pages in length. These are not "short and plain."

Second, Plaintiff may not raise multiple unrelated claims in a single lawsuit. Plaintiff's motions identify multiple incidents including incidents of seizing property,

3

inability to exercise his religion, denial of medical treatment, lack of due process in classification procedures, among other allegations. (*See generally* dkt. nos. 1-3, 1-4, 1-5.) Plaintiff is advised that the Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. The fact that most of the defendants are employees of the NDOC and the fact that most of Plaintiff's injuries occurred while incarcerated is not enough to consolidate all of the claims into a single lawsuit. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "However, unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and to prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).[1]

Lastly, Plaintiff must follow the directions in the form complaint and "[s]tate the facts clearly, in your own words, and *without citing legal authority or argument* . . . describe exactly what *each specific defendant (by name)* did to violate your rights." Plaintiff shall omit legal citation and argument from his complaint.

The Court grants Plaintiff thirty (30) days from the date of this order to submit a complaint to this Court. The Court will defer a decision on the application to proceed *in forma pauperis* until Plaintiff submits a proper initiating document for this case.

///

---

[1] If Plaintiff needs to file multiple lawsuits to comply with this rule, he may do so by filing a new application to proceed *in forma pauperis* and a new complaint for each case.

4

## II.    CONCLUSION

For the foregoing reasons, it is ordered that a decision on the application to proceed *in forma pauperis* (dkt no. 1, 3) is deferred.

It is further ordered that Plaintiff must submit a complaint to this Court within thirty (30) days of the date of this order.

It is further ordered that Plaintiff's motions for preliminary injunction (dkt. nos. 1-3, 1-4, 1-5), motion to expedite proceedings (dkt. no. 5), motions for cause upon prospective relief (dkt. nos. 7, 8) and petitions for writ of mandamus (dkt. nos. 9, 10, 11) are denied.

It is further ordered that the Clerk of the Court send to Plaintiff the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same.

It is further ordered that the Clerk of the Court send Plaintiff two (2) copies of an *in forma pauperis* application form for a prisoner, one (1) copy of the instructions for same, two (2) copies of a blank 28 U.S.C. § 2254 habeas corpus form, and one (1) copy of instructions for the same.

It is further ordered that if Plaintiff does not timely comply with this order, dismissal of this action may result.

DATED THIS 8th day of February 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE