1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

DISTRICT OF NEVADA

10

* * *

11
12
13
14
15

| JERRY D. POUGH, | Case No. 3:15-cv-00443-MMD-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| D. NEVEN, et al., | |
| Defendants. | |

16
17

**I.      DISCUSSION**

18

**A.      Motion for Enlargement of Time (ECF No. 27)**

19
20
21
22
23
24
25
26
27
28

On September 19, 2016, Plaintiff filed a motion for enlargement of time. (ECF No. 27.) In this motion, Plaintiff seeks an extension of time to respond to the Court's screening order (ECF No. 23). Plaintiff complains that the copies of the documents he has received from the Court do not contained the "document numbers" (i.e., "ECF No."), which makes it difficult for him to respond to the screening order. The Court will grant Plaintiff an additional thirty (30) days to file an amended complaint, as directed in the screening order (ECF No. 23). If Plaintiff does not file an amended complaint within thirty (30) days, the Court will dismiss this action without prejudice. The Court will direct the Clerk of the Court to send Plaintiff a copy of the docket sheet to aid Plaintiff in responding to the Court's August 10, 2016, screening order (ECF No. 23).

**B.     Motion for Interlocutory Appeal (ECF No. 24, 25, 26)**

In the Court's screening order, it addressed Plaintiff's motion(s)[1] for interlocutory appeal. As noted in note 1, Plaintiff filed this motion in six parts. Three of these parts (ECF Nos. 20, 21, 22 or pages 1-100) were received prior to the Court's screening order on August 10, 2016. The remaining three (ECF Nos. 24, 25, 26 or pages 101-276) were received subsequent to the screening order.

These recent filings do not change the Court's ruling in the screening order and the Court hereby adopts the reasoning it set forth in that order (ECF No. 23 at 8-9) and denies these motion(s). Plaintiff has not set forth any new or different authority for why he should be granted an interlocutory appeal.

A federal district court may certify any interlocutory order for appeal to the circuit court if: (1) the order "involves a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) "that an immediate appeal of the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Section 1292(b) should be used only in exceptional situations where allowing an interlocutory appeal would avoid protracted and expensive litigation. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir.1981). Plaintiff has not identified any order that involves a controlling question of law to which there is substantial ground for difference of opinion.

Plaintiff has yet to file a complaint that complies with the Federal Rules of Civil Procedure so that the Court can properly screen it. (*See* Screening Orders at ECF No. 12, 23). Plaintiff must first to do this in order to proceed with his case.

**II.     CONCLUSION**

For the foregoing reasons, it is ordered that the motion for enlargement of time (ECF No. 27) is granted. Plaintiff must file an amended complaint within thirty (30) days

---

[1]In Plaintiff's motion for enlargement of time, he takes issue with the fact that the Court referred to his motion for interlocutory appeal as multiple motions. Because Plaintiff filed his motion in six parts (ECF No. 20, 21, 22, 24, 25, 26), they are filed as six separate entries and motions on the docket. For purposes of case management, the Court must address them as separate motions even though it construes them as one.

2

of the date of this order. If Plaintiff fails to do so, this action will be dismissed without prejudice.

It is further ordered that the Clerk of the Court send Plaintiff a copy of the docket in this case.

It is further ordered that Plaintiff's motion(s) for interlocutory appeal (ECF No. 24, 25, 26) are denied.

DATED THIS 21st day of August 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE